IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK J. ELLERBE,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4514 |
| | : | |
| UNITED STATES DEPARTMENT<br>OF JUSTICE, *et al.*,<br>    Defendants. | :<br>:<br>: | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                           **NOVEMBER 23, 2022**

      Derrick J. Ellerbe, a frequent *pro se* litigant who has previously been the subject of prior pre-filing injunction orders, filed a complaint naming as Defendants the United States Department of Justice ("DOJ"), the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO"), and United States District Judge Timothy J. Savage.[1] (Compl., ECF No. 2.) Ellerbe also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] While not listed in the caption of the Complaint, Ellerbe included Judge Savage's name in the caption of a "Motion" he filed along with the Complaint. (*See* ECF No. 3.) In an abundance of caution and construing Ellerbe's *pro se* submission liberally, the Clerk of Court included Judge Savage as a named Defendant. The Motion itself fails to assert any request for relief from the Court. Ellerbe appears to have used a piece of paper containing the preprinted word "motion" as a cover sheet for his separately filed Complaint, asserting therein only that the Complaint contains "the essential facts constituting the offenses charged," and that he has a right to make these allegations under oath. (*Id.*) To the extent this is a "motion," it is denied.

I.     **BACKGROUND AND FACTUAL ALLEGATIONS**

The Court initially notes that Ellerbe is the subject of prefiling injunction orders, the most recent of which was entered in *In re Derrick J. Ellerbe*, Civ. No. 21-3807 (ECF No. 4).[2] In an Order filed on September 20, 2021, an injunction was entered empowering the Clerk of Court without leave of Court to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) "any additional pleadings, except a notice of appeal, in this civil action or any new civil action received from Derrick J. Ellerbe that falls within the scope of the Court's September 19, 2020 Order entered in Civ. A. No. 20-211. . ." The Order also provided that, "[if] Ellerbe submits any paper to the Clerk of Court that falls within the scope of [the injunction] the Clerk of Court is **DIRECTED** to return the paper to him with a copy of this Order and the Court's September 19, 2020 Order entered in Civ. A. No. 20-211 (ECF No. 6)." *Id*. at 1-2 (emphasis in original). Thereafter, the United States Court of Appeal for the Third Circuit denied Ellerbe's petition for writ of mandamus. (*See id*., ECF No. 5.)

The September 19, 2020 Order entered in *Ellerbe v. The President of the U.S., et al.*, Civ. No. 20-211, provided that Ellerbe was enjoined from filing any specified future action without leave of court. (*Id*., ECF No. 6.) The September 19 Order was entered after Ellerbe failed to respond to an Order (*id*., ECF No. 5) previously entered in the case directing him to show cause why he should not be enjoined from filing "any future actions concerning the identical, untimely allegations raised in that case and at least six prior cases alleging he was followed, harassed, kidnapped, or held captive by governmental agents or entities." (*Id*.) The United States Court of

---

[2] In a case filed the same day, *Ellerbe v. The U.S. Government*, Civ. No. 21-3806 (E.D. Pa.), allegations that Ellerbe was kidnapped outside his home in Philadelphia on April 12, 2013 were dismissed as frivolous and Ellerbe was again enjoined from filing additional pleadings raising the same claims. (*Id*., ECF No. 4.)

2

Appeal for the Third Circuit also denied a petition for writ of mandamus filed by Ellerbe in that case. (*See id.*, ECF No. 7.) The effect of the two orders entered by this Court was to authorize the Clerk of Court to refuse to accept for filing any new case Ellerbe submitted that raised the same claims as those already adjudicated against him.

In his new Complaint, Ellerbe alleges that the DOJ and USAO refuse to talk to him or write him a letter explaining how the federal government could have put him in prison in 2013 without due process, stalk him, and interfere in every aspect of his life. (Compl. at 4.) He asserts that the USAO and "local FBI Office" unconstitutionally refuse to investigate his "kidnapping, false arrest, stalking, harassment, involuntary servitude, slavery, RICO and RICO conspiracy."[3] (*Id.*) Allegedly, these events occurred between 2007 and September 2022. (*Id.*) He seeks unspecified injunctive, prohibition, and mandamus relief. (*Id.* at 5.) He also seeks what appears to be an advisory opinion, namely a clarification on statutes "regarding self-defense and justifiable homicide." (*Id.*) Finally, he seeks a declaration that "agency or administrative law cannot be followed." (*Id.*)

## II.    STANDARD OF REVIEW

Ellerbe is granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[3] Although the new Complaint mentioned kidnapping, stalking and harassment, because the nature of the claim is that DOJ and USAO refused to talk to him or write him a letter, and the relief Ellerbe sought was declaratory and injunctive, it was unclear whether the new Complaint fell within the ambit of the previous injunctions. Accordingly, the Clerk opened this civil action rather than returning the pleading to Ellerbe under the authority granted by the injunction orders.

3

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Section 1915(e)(2)(B)(i) requires the Court to dismiss a claim that is frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also id.* at 327 (stating that the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," and that § 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"). A claim is malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Claims Against Judge Savage

While not entirely clear, Ellerbe may be seeking to allege claims against Judge Timothy J. Savage, who was assigned to several of Ellerbe's earlier cases and was the member of this Court that entered the pre-filing injunction orders. Judges are entitled to absolute immunity from

civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Moreover, the United States Court of Appeals for the Third Circuit has suggested that federal judges are immune to claims for injunctive relief. *Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (*per curiam*) (citing *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). Accordingly, any claim against Judge Savage is dismissed with prejudice.

  B. Request for an Advisory Opinion

  Ellerbe asks for declaratory relief including what appears to an advisory opinion in the form of a clarification on statutes regarding self-defense and justifiable homicide. This request is otherwise unexplained. The Court has no jurisdiction to grant this relief. *See Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 853 (3d Cir. 1996) ("'The oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions.'" (quoting 13

5

Wright, Miller, Cooper, Federal Practice and Procedure, § 3529.1, p. 293 (2d ed.1984)). Federal courts established pursuant to Article III of the Constitution "do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). As the United States Supreme Court has stated, "'[f]or adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field.'" *Id.* (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). "'The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Since Ellerbe alleges no facts to support an actual controversy involving the interpretation of self-defense and justifiable homicide statutes, this request for relief is dismissed for want of jurisdiction.

    **C.  Claims Against the DOJ and USAO**

Ellerbe's claims against the DOJ and USAO again relate to his alleged "kidnapping" and other harassment by governmental agents. Rather than make that allegation directly, however, he asserts in this case that the DOJ and USAO refuse to talk to him or write him a letter explaining how the federal government could have put him in prison in 2013. As suggested by the fact that Ellerbe has been previously enjoined, he has a long history of filing cases alleging nefarious conduct by governmental officials. In *Ellerbe v. United States Postal Service*, Civ. No. 08-5486 (E.D. Pa.), a case removed here by the Government, his claims that he was harassed, unlawful surveilled, and stalked by the Post Office were dismissed. (*Id.*, ECF No. 1 at 9.) In

6

*Ellerbe v. United States Postal Service*, Civ. No. 11-7167 (E.D. Pa.), his allegations that he had been unlawfully surveilled for four years were dismissed as frivolous. (*Id.*, ECF Nos. 2, 3.) He raised similar claims in *Ellerbe v. United States Attorney*, Civ. No. 14-4494 (ECF No. 3; dismissed as frivolous, *id.*, ECF No. 2). In *Ellerbe v. Office of Personnel Management*, Civ. No. 14-5135 (E.D. Pa.), Ellerbe's allegations that the Office of Personnel Management failed to investigate whether government employees were stalking him was dismissed by Judge Thomas O'Neill. (*Id.*, ECF No. 2 (listing 16 prior civil actions initiated by Ellerbe against agencies and officials, noting most were dismissed for failure to prosecute,[4] and two additional cases where Ellerbe was granted leave to file amended pleadings)[5].) Three years later, Ellerbe returned with similar allegations in *Ellerbe v. U.S. Government Officers*, Civ. No. 17-1473 (dismissed as frivolous), *Ellerbe v. U.S. Government Officers*, Civ. No. 17-1474 (dismissed as frivolous), *Ellerbe v. U.S. Federal Government Officials*, Civ. No. 17-1475 (dismissed as frivolous), and *Ellerbe v. The United States Government*, Civ. No. 17-2425 (E.D. Pa.) (dismissed as frivolous). In *Ellerbe v. The Mayor of Philadelphia,* Civ. No. 19-2716 (E.D. Pa.) and *Ellerbe v. The United

---

[4] *Ellerbe v. US. Gov't*, Civ. No. 14-5041; *Ellerbe v. City of Phila.*, Civ. No. 14-5040 (E.D. Pa.); *Ellerbe v. City of Phila.*, Civ. No. 14-4495 (E.D. Pa.); *Ellerbe v. US. Att'y for the E.D. Pa.*, Civ. No. 14-4494 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 14- 858 (E.D. Pa.); *Ellerbe v. City of Phila.*, Civ. No. 14-153 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 14-152 (E.D. Pa.); *Ellerbe v. City of Phila.*, Civ. No. 13-7492 (E.D. Pa.); *Ellerbe v. Prothonotary-Ct. of Common Pleas*, Civ. No. 13-6430 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 14-05135 (E.D. Pa.); *Ellerbe v. U.S. Postal Serv.*, Civ. No. 13-4600 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 13-4599 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 13-4598 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 13-4077 (E.D. Pa.); *Ellerbe v. US. Dep't of Justice of the US. Gov't*, Civ. No. 12- 6605 (E.D. Pa.); *Ellerbe v. US. Postal Serv.*, Civ. No. 12-1243 (E.D. Pa.); *Ellerbe v. US. Postal Serv. of the US. Gov't*, Civ. A. No. 11-7167 (E.D. Pa.). After Judge O'Neill's dismissal, an additional case filed by Ellerbe was also dismissed for failure to prosecute. *See Ellerbe v. City of Phila.*, Civ. No. 14-MC-23 (E.D. Pa.);

[5] *Ellerbe v. City of Phila.*, Civ. No. 14-5040 (E.D. Pa.); *Ellerbe v. City of Phila.*, Civ. No. 14-4495 (E.D. Pa.).

7

*States and its Agencies*, Civ. No. 19-2718 (E.D. Pa.), allegations that federal and Philadelphia officials followed, harassed, and kidnapped him were dismissed.  In *Ellerbe v. The PA General Assembly*, Civ. No. 19-3554 (E.D. Pa.), similar claims against Pennsylvania officials and SEPTA were dismissed as frivolous.  In *Ellerbe v. The PA Governor*, Civ. No. 19-6043 (E.D. Pa.), allegations that Pennsylvania and Philadelphia officials abducted him were dismissed as frivolous.  Finally, as noted above, in *Ellerbe v. The President of the U.S.*, Civ. No. 20-211 (E.D. Pa.), the Court not only dismissed the case as frivolous, but also entered the first injunction order to attempt to end Ellerbe's fusillade of filings.  In *Ellerbe v. The U.S. Government*, Civ. No. 21-3806 (E.D. Pa.), allegations that Ellerbe was kidnapped outside his home in Philadelphia on April 12, 2013 were dismissed as frivolous and Ellerbe was again enjoined from filing additional pleadings raising the same claims.  (*Id.*, ECF No. 4.)  The injunction was made self-executing in *In re Derrick J. Ellerbe*, Civ. No. 21-3807 (E.D. Pa., ECF No. 4).

The claims raised in this case are also frivolous.  Like his numerous other claims, the basis for Ellerbe's claims against the DOJ and USAO again arise from his delusional assertion that the was kidnapped by government agents.  A review of publicly available records indicate that Ellerbe has been arrested numerous times in Philadelphia, Delaware, and Montgomery Counties.  *See, e.g., Commonwealth v. Ellerbe*, CP-23-CR-0007195-1985, CP-23-CR-0007362-1985 (C.P. Delaware) (arrest and convictions for making terroristic threats); *Commonwealth v. Ellerbe*, MC-51-SU-0003618-2015 (Phila. Mun. Ct.) (arrest and conviction for disorderly persons charge); *Commonwealth v. Ellerbe*, MJ-32133-NT-0001508-2018 (MDJ Upper Darby) (arrest by SEPTA police).  While it is unclear whether any of these arrests form the basis of his assertion that he was kidnapped, harassed, and stalked, his current assertion that the named Defendants refused to talk to him or write him a letter explaining how the federal government

could have put him in prison in 2013, clearly involves his prior generalized governmental conspiracy claims that have been repeatedly dismissed as frivolous, and for which he has been subjected to pre-filing injunctions. The claims raised in this case are also dismissed as frivolous since, accepting as true that governmental officials refused to talk to him or write him a letter, the claims rely on the delusional scenario that Ellerbe is the target of a vast governmental conspiracy. *Accord, Ellerbe v. U.S. Gov't*, No. 14-5041, 2014 WL 4446128, at *2 (E.D. Pa. Sept. 8, 2014) ("In light of 'the vast power, scope, and complication of the whole alleged conspiracy,' the Court concludes that Mr. Ellerbe's allegations are irrational and wholly incredible."); *see also, e.g.*, *McGinnis v. Freudenthal,* 426 F. App'x 625, 628 (10th Cir. 2011) (holding that the district court did not abuse its discretion in dismissing delusional claims as frivolous). Ellerbe's related allegation that the Defendants refuse to investigate his alleged kidnapping also fails. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim") (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

        **D.**    **Cause for an Updated Injunction Order**

The need for the Clerk of Court to file this civil action rather than return Ellerbe's pleading to him under the authority of the previously entered injunction orders shows the need for the Court to consider further clarifying the scope of the bar on Ellerbe's frivolous litigation activity. It may be that Ellerbe artfully framed his claim – requesting injunctive and declaratory relief to require government officials to explain how or why he was kidnapped, i.e., imprisoned

without due process, harassed, and stalked – to avoid triggering the present injunction orders. These claims, just like his prior direct claims for money damages asserting that these events occurred, are equally frivolous and required the wasteful expenditure of the scarce judicial resources available to this Court to perform its constitutional function.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The Court finds that the current operative injunction orders directed to Ellerbe's litigation activity need expansion. The Clerk of Court is currently empowered to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) actions asserting that Ellerbe was followed, harassed, kidnapped, or held captive by governmental agents or entities. In the Order

accompanying this Memorandum, Ellerbe will be directed to show cause why a more broadly effective prefiling injunction should not be imposed. The Court hereby provides Ellerbe notice that, unless he shows cause otherwise, a superseding prefiling injunction will be entered directing the Clerk of Court to refuse to accept for filing under Federal Rules of Civil Procedure 5(d) *any* pleading received from Derrick J. Ellerbe, other than an appeal of the dismissal of this case or any resulting injunction order, in which Ellerbe mentions in any way, or seeks to bring a claim related to or involving either in whole or in part, any claim against any government, governmental agency, or governmental official that he was followed, harassed, kidnapped or held captive by agents, officers or officials of the United States, the Commonwealth of Pennsylvania, or other governments, governmental entities, or governmental officials, regardless of the nature of the claim or the relief Ellerbe seeks in such action. While broader than the existing injunction language, the Court finds that the scope of the proposed injunction would be narrowly tailored to fit the particular circumstances of Ellerbe's attempt to craft claims related to the same factually delusional scenario that has been repeatedly adjudicated against him.

## IV.     CONCLUSION

For the reasons stated, Ellerbe's Complaint is dismissed. The request for an advisory opinion is dismissed without prejudice for want of jurisdiction. The balance of Ellerbe's claims are dismissed with prejudice because any attempt at amendment of those claims would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). An appropriate Order follows dismissing the case and directing

Ellerbe to respond to the Court's proposed injunction.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

_____

**MICHAEL M. BAYLSON, J.**